UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH W. THURMAN,            PLAINTIFF

VS.            Civil Action No. 4:18cv119-DMB-JMV

LIBERTY LIFE ASSURANCE COMPANY            DEFENDANTS
OF BOSTON, BAXTER HEALTHCRE
CORPORATION, BAXTER INTERNATIONAL INC.,
ADMINISTRATIVE COMMITTEE OF BAXTER
INTERNATIONAL INC., and JOHN DOES 1-10

## COMPLAINT

NOW COMES Plaintiff, Kenneth W. Thurman, by counsel, and files this Complaint against the Defendants and in support thereof states the following:

1. Plaintiff seeks to assert his rights under 29 U.S.C. § 1001, et. seq., pursuant to 29 U.S.C. § 1132(a)(1)(B), of the Employee Retirement Income Security Act (ERISA) regarding long-term disability benefits under a group employee benefit plan;

2. Plaintiff was an employee of Baxter Healthcare Corporation, a participating company, in their Cleveland, Mississippi plant, and at all times relevant hereto was a covered person, participant and beneficiary of the Group Disability Income Policy sponsored by Baxter International, Inc., Policy Number GF3-890-450386-01;

3. According to the Baxter International Short-Term Disability Plan and Long-Term Disability Plan Summary Plan Description, The Administrative Committee of Baxter International is the Plan Administrator and Liberty Life Assurance Company of Boston is the Plan Carrier and the Claims Administrator for the Baxter Long-Term Disability Plan, the Group

Disability Income Policy sponsored by Baxter International, Inc., Policy Number GF3-890-450386-01, which plan / policy is a component part of The Baxter International Inc. and Subsidiaries Welfare Benefit Plan for Active Employees, Welfare Benefit Plan Number 521, and said plan / policy was in full force and effect at all times pertinent to this claim;

4. John Does 1 - 10 are fictitious persons, corporations, partnerships, limited liability companies and/or other legal entities whose identities are not known by Plaintiff at this time but who may be real parties in interest and who may be legally responsible in whole or in part for the damage and injuries suffered by the Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint and insure their true names and capacities in place and instead of the unknown named Defendants upon becoming known to Plaintiff. Plaintiff reserve the right to identify and/or change the identity of these Defendants based upon discovery. To the extent that such unknown parties have not yet already been joined as Defendants, said unknown parties are hereby joined in this complaint.

5. John Does 1 - 10 are being sued in their individual capacity for their own acts and/or omissions, as well as for the acts and/or omissions of their employees,

6. Plaintiff became disabled in October, 2016, and that disability is ongoing;

7. Plaintiff timely applied for long-term disability benefits under the foregoing plan / policy and received a letter dated June 16, 2017 denying him benefits;

8. Subsequently Plaintiff timely appealed the denial and received a letter dated August 11, 2017 affirming the denial of long-term disability benefits and informing him that he had exhausted his administrative remedies;

9. On or about December 15, 2017, Plaintiff submitted correspondence with supplemental documentation to The Baxter International Administrative Committee requesting

reconsideration, copies of which were forwarded to Liberty Life Assurance Company of Boston, but no response was received from The Baxter International Administrative Committee and Liberty Life Assurance Company of Boston supplemented the administrative record but declined further review.

      10.      Defendants have breached their ERISA obligations under 29 U.S.C. § 1001, et. seq. for which Plaintiff seeks relief;

      11.      Plaintiff has been deprived of his ERISA rights and protections under 29 U.S.C. § 1001, et. seq. for which Plaintiff seeks relief;

      12.      Plaintiff has been wrongly denied long term disability benefits to which he is entitled and seeks relief under 29 U.S.C. § 1132(a)(1)(B);

      13.      Defendants' failure to provide Plaintiff with long-term disability benefits constitutes a breach of contract;

      14.      Plaintiff worked in Cleveland, Mississippi, until the onset of his disability and lived in Cleveland, Mississippi, at the time his long-term disability claim appeal was denied on August 11, 2017, giving rise to his right to file an ERISA claim, which, pursuant to 29 U.S.C. §1132(e)(2) may be brought in the district where the breach took place, thus jurisdiction and venue are proper;

      WHEREFORE, Plaintiff prays for judgment to be entered against Defendants granting Plaintiff all benefits to which he is entitled and should have received under the long-term disability policy, recovery of his costs and attorney fees, pre-judgment interest, and such other and further relief, at law or in equity, as the Court may deem proper.

Respectfully submitted this 1st day of June, 2016.

/s/ David Norquist
David Norquist
Norquist & Levingston
P.O. Box 1379
201 S. Pearman Avenue
Cleveland, MS 38732
*Counsel for Plaintiff*