Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH W. THURMAN**                **PLAINTIFF**

v.           CIVIL ACTION NO. **4:18cv00119-MPM-JMV**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, BAXTER HEALTHCARE, BAXTER HEALTHCARE CORPORATION, BAXTER INTERNATIONAL INC., ADMINISTRATIVE COMMITTEE OF BAXTER**      **DEFENDANTS**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     2

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     unknown

   **EXPERT TESTIMONY EXPECTED:** No

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   Mediation prior to the dispositive motion deadline.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2018)

4. **DISCLOSURE.** (Pick one)

    The following additional disclosure is needed and is hereby ordered:

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

    Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

    Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

    A. Interrogatories are limited to __see6f5__ succinct questions.

    B. Requests for Production are limited to __see6f5__ succinct questions.

    C. Requests for Admissions are limited to __see6f5__ succinct questions.

    D. Depositions are limited to the parties, experts, and no more than

      __see6f5__ fact witness depositions per party without additional approval of the Court.

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

All electronically stored information has been produced.

However, the plaintiff may wish to compel supplementation of the initial disclosures ( the administrative record produced by defendant ). Any motion to do so must be filed no later than 11/20/18.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☐ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☐ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

If the P desires to take disc., it must file a motion and brief in support by 11/20/18 . The motion should include each interr., r/f/p and/or r/f/a. it seeks to propound and an explan.of how each proposed disc. req. is relevant to a subj. matter on which the 5thCir. has held some limited disc.-even in an ERISA case- may be had--incldg.also the authority on which P relies to support the argument that such limited disc. is permissible in the 5th Cir. The parties shall respond/reply respectively in acc. with the rules.

FORM 1 (ND/SD MISS. JAN. 2018)

    No more than 8 interrogatories,8r/f/p adn 8r/f/a may be proposed absent further order of the court. No dep. is perm. unless the court has first granted, in whole or part, P's motion for written disc.;that disc. has been answered ; P has filed -within 21 days
following the receipt of such disc. answers- a motion for perm. to take a single dep., including authorities; and the court has granted the motion.
 Mtn. for J. on Ad. Rec or Alt.for S. J. (ie dispositve motions)due 2/20/19 if no written disc. granted; 6/10/19 otherwise.
The parties dispute the standard of review and may bring that matter on by motion anytime up to and including the dispositve motion deadline.

7. **SCHEDULING DEADLINES**

    A. **Trial.** This action is set for  NON-JURY TRIAL 

    beginning on:  TBD , at  9:40 ,  a.m. , in  Oxford  ,

    Mississippi, before United States  District  Judge  Michael P. Mills .

    THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS    2   . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

    B. **Pretrial.** The pretrial conference is set on:  TBD , at  10:00 ,  a.m. ,

    in  Greenville  , Mississippi, before United States  Magistrate 

    Judge  Jane M. Virden .

    C. **Discovery.** All discovery must be completed by:  see above .

    D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

    filed by:  NA .

    E. **Experts.** The parties' experts must be designated by the following dates:

        **1.** Plaintiff(s):     NA  .

        **2.** Defendant(s):     NA  .

FORM 1 (ND/SD MISS. JAN. 2018)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: <u>see above</u>. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) <u>TBD</u>, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

<u>October 17, 2018</u>　　　　　　<u>s/ Jane M. Virden</u>
DATE　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE